UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BACHMAN INVESTMENTS, LLC, | § | |
| MARQUEZ BACHMAN, LLC, and | § | |
| GREEN STREET PARTNERS d/b/a | § | |
| VILLAS DEL ZOCALO 1, VILLAS DEL | § | |
| ZOCALO 2 and VILLAS DEL ZOCALO 3 | § | CIVIL ACTION NO. 1:17-cv-91 |
| | § | |
| v. | § | JURY DEMANDED |
| | § | |
| HOUSTON CASUALTY COMPANY and | § | |
| ASPEN SPECIALTY INSURANCE | § | |
| COMPANY | | |

**DEFENDANTS' NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendants Houston Casualty Company (UK Branch) ("HCC/UK") and Aspen Specialty

Insurance Company ("Aspen") (collectively, "Defendants") jointly file this Notice of Removal

pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 as follows:

## I. NATURE OF THE SUIT

1.      This is an insurance coverage and bad faith lawsuit arising out of an insurance

claim submitted by Plaintiffs for alleged wind and hail damage to several apartment complexes

allegedly owned and/or operated by Plaintiffs and insured by Defendants.   Plaintiffs allege

generally that Defendants improperly investigated their insurance claim and wrongfully denied

the claim.  *See generally* Appendix, Exhibit C.

## II. PROCEDURAL BACKGROUND

2.      On April 5, 2017, Plaintiffs filed an Original Petition initiating an action in the

162nd  Judicial District Court of Dallas County, Texas, bearing Cause No. DC-17-03992 ("the

State Court Action").  *See* Appendix, Exhibit B.  On April 27, 2017, without yet having served

any Defendant, Plaintiffs filed a First Amended Original Petition.  *See* Appendix, Exhibit C.  A jury demand was made in the State Court Action. *See* Appendix, Exhibit C.

3.      Aspen was served with the First Amended Original Petition on May 16, 2017. *See* Appendix, Exhibit G.  HCC/UK has not been properly served due to a misidentification error resulting in attempted service on a similarly named Texas entity.  *See* Appendix, Exhibit F. However, HCC/UK waived service and answered the State Court Action on May 26, 2017. *See* Appendix, Exhibit H.

4.      This Notice of Removal is timely filed within the 30-day statutory time period for removal under 28 U.S.C. § 1446(b)(1), being filed within 30 days of Defendants' receipt of formal service of process (as to Aspen, *see* Appendix, Exhibit F) and waiver of service by general appearance (as to HCC/UK, *see* Appendix, Exhibit H).

5.      This Notice of Removal is also timely filed within one year after commencement of the State Court Action, in compliance with 28 U.S.C. § 1446(c)(1).

## III.  BASIS FOR REMOVAL

6.      This Court has original diversity jurisdiction under 28 U.S.C. § 1332 over this civil action, and the action may be removed by Defendants pursuant to 28 U.S.C. § 1441(b), as it is a civil action between citizens of different states, and the matter in controversy as to each underwriter exceeds the sum of $75,000, exclusive of interest and costs.

7.      According to Plaintiff's state court pleadings, Plaintiffs allege they are  citizens of the states of California, Delaware, and Texas, respectively.  *See* Appendix, Exhibit C at 2.

8.      The named defendants are not citizens of California, Delaware, or Texas.  Nor are the individual underwriters subscribing to the Lloyd's insurance policy issued by Defendants citizens of California, Delaware, or Texas.  Plaintiff's petition asserts that HCC is a citizen of

Texas, but contains a misidentification error.  While Plaintiffs are correct that there is a Texas insurer known as Houston Casualty Company, the policy on which Plaintiffs sue was issued by a separate and legally distinct entity, Houston Casualty Company (UK Branch).  HCC/UK is neither incorporated in, nor has its principal place of business in, Texas.

9.     Defendant HCC/UK is incorporated in England and Wales (Branch No. BR004760) and maintains its principal place of business at 40 Lime Street, London, EC3M 5BS. Defendant Aspen is incorporated in North Dakota and maintains its principal place of business in New York.

10.     Because Plaintiffs are citizens of California, Delaware, and Texas, and the Defendants are citizens of New York, North Dakota, and the United Kingdom, complete diversity of citizenship exists among the parties.

11.     Plaintiff's Original Petition states that it seeks monetary relief "in excess $100,000." *See* Appendix, Exhibit C at 1.  It goes on to plead total damages of $1,305.416. *See* Appendix, Exhibit C at 4.   The risk insured by the policy is underwritten by both Defendants, who are severally but not jointly liable for their respective shares of the risk.  HCC/UK bears 33.33% of the risk, while Aspen bears 66.67% of the risk.  In light of the alleged value of the claim, each of these shares plainly exceeds $75,000.  Because the amount in controversy exceeds $75,000 as to each portion of the claim, this Court has subject matter jurisdiction under 28 U.S.C. § 1332, and this removal is proper.

12.     Removal to the Northern District of Texas, Dallas Division is proper because the state court action is pending in Dallas County, which is part of the Dallas Division.

13.     In compliance with Local Rule 81.1(a)(4), Defendants attach to this Notice of Removal: (a) appendix containing an index of all attached documents, and (b) a copy of the state court docket sheet. *See* Appendix.

14.     In compliance with 28 U.S.C. § 1446(a) and Local Rule 81.1(a)(4), Defendants also attach to this Notice of Removal: (a) the state court docket sheet, (b) all service of process on Defendants, (c) all documents filed in the state court, and (d) all orders issued by the state court. *See* Appendix.

15.     In compliance with 28 U.S.C. § 1446(d), Defendants hereby certify that they will promptly notify the clerk of the court in the State Court Action and all adverse parties of this removal.

16.     In compliance with Local Rule 81.1, Defendants are simultaneously filing a separately signed Corporate Disclosure which complies with FED. R. CIV. P. 7.1 and Local Rule 3.1.

## IV. CONCLUSION AND PRAYER

17.     The basis for this removal and this Court's jurisdiction is diversity of citizenship under 28 U.S.C. §1332 because Plaintiffs are citizens of California, Delaware and Texas, while Defendants are citizens of New York, North Dakota, and the United Kingdom.  Based on Plaintiffs' pleadings, the amount in controversy as to each underwriter exceeds $75,000, exclusive of interest and costs.  As such, this removal is proper under 28 U.S.C. §1441.  On these grounds, Defendants hereby remove the referenced State Court Action to this Court.

18.     Defendants demand a jury in this removed action.

19.     THEREFORE, Defendants Houston Casualty Company (UK Branch) and Aspen Specialty Insurance Company respectfully request that the above-entitled action be removed

from the 162nd Judicial District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division.

Respectfully submitted,

*/s/ Barrie J. Beer*

**Barrie J. Beer**
State Bar No. 02040750
Federal I.D. 14677
Email: beer@mdjwlaw.com

**ATTORNEY-IN-CHARGE FOR DEFENDANTS**

OF COUNSEL:

**MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.**
808 Travis Street, 20th Floor
Houston, Texas 77002
Telephone:     (713) 632-1700
Facsimile:      (713) 222-0101

**Amber R. Dunten**
Texas Bar No. 24010004
Federal I.D. 31660
dunten@mdjwlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of **Defendants' Notice of Removal** was served this 2nd day of June, 2017 on the following counsel of record by the method specified:

| | |
|---|---|
| Patrick Connell McGinnis<br>MERLIN LAW GROUP<br>Three Riverway, Suite 701<br>Houston, Texas 77056 | *CMRRR: 7011115000551439*<br>*And Email:*<br>*pmcginnis@merlinlawgroup.com* |

*/s/ Barrie J. Beer*
Barrie J. Beer